UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LEONILA ZARCO LOPEZ,     Petitioner,

v.     Civil Action No. 3:25-cv-654-DJH

SAMUEL OLSON, Field Office Director,
Chicago Field Office, U.S. Immigration and
Customs Enforcement et al.,     Respondents.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Petitioner Leonila Zarco Lopez, a noncitizen resident of Illinois now detained in the Western District of Kentucky, seeks a writ of habeas corpus pending removal proceedings. She alleges that her detention by immigration authorities without a bond hearing violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. (Docket No. 1) Following initial briefing (D.N. 7; D.N. 11), the Court held a show-cause hearing and permitted the parties to file post-hearing briefs. (D.N. 13) Those briefs have since been filed. (D.N. 15; D.N. 16) After careful consideration, the Court will grant the petition for the reasons explained below.

**I.**

Lopez "is a 53-year-old national of Mexico." (D.N. 1, PageID.6 ¶ 23) Lopez "entered the United States without inspection in or around July 2016 and never had any encounter with" U.S. Customs and Border Protection, U.S. Immigration and Customs Enforcement (ICE), or Department of Homeland Security (DHS) officials. (*Id.*) She has lived in the United States since entering the country and resided in Illinois until her detention. (*Id.*) She does not have a criminal record. (*Id.*) On May 20, 2025, Lopez "was arrested by DHS [officials] as she walked to her job."

1

(*Id.* ¶ 24)  The arrest warrant and Notice of Custody Determination authorized her detention under 8 U.S.C. § 1226.[1]  (*Id.*; D.N. 1-2, PageID.24; D.N. 1-3, PageID.26)  Following her arrest, Lopez was placed in removal proceedings pursuant to 8 U.S.C. § 1229a.  (D.N. 1, PageID.6 ¶ 25)  She was charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as an "alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General," and under § 1182(a)(7)(A)(i)(I) as an immigrant who was "not in possession of a valid unexpired immigrant visa . . . or other valid entry document."[2]  (*Id.*; D.N. 1-4, PageID.31)  Lopez has also applied for asylum, withholding of removal, and protection under the Convention Against Torture based on "past persecution and . . . a well-founded fear of persecution and torture in [Mexico] if [she were] forced to return."  (D.N. 1, PageID.7 ¶ 26; D.N. 1-5, PageID.35–46)

On July 30, 2025, Lopez filed a motion for a bond redetermination hearing before an immigration judge.  (D.N. 1, PageID.7 ¶ 27; D.N. 1-6, PageID.48–55)  "At the hearing, for the first time since her arrest, Respondents claimed that [Lopez] was being held pursuant to 8 U.S.C. § 1225(b)(2), despite the arrest warrant and Notice of Custody Determination being issued under Section 1226(a)."  (D.N. 1, PageID.7 ¶ 27)  The immigration judge denied bond on the ground that he lacked jurisdiction.  (*Id.*; D.N. 1-7, PageID.59)  The immigration judge again cited lack of jurisdiction in denying Lopez's motion to reconsider the bond redetermination.  (D.N. 1, PageID.7 ¶ 27; D.N. 1-8, PageID.62)  After Lopez appealed to the Board of Immigration Appeals (BIA), the immigration judge further explained his position but concluded that Lopez was detained under

---

[1] The arrest warrant and Notice refer to § 236 of the Immigration and Nationality Act, which is codified at 8 U.S.C. § 1226.  *See Barrera v. Tindall*, No. 3:25-cv-541-RGJ, 2025 WL 2690565, at *1 n.1 (W.D. Ky. Sep. 19, 2025).  The Court uses United States Code citations in this Order.
[2] The government form refers to § 212 of the Immigration and Nationality Act, which is codified at 8 U.S.C. § 1182.  *See Kilic v. Barr*, 965 F.3d 469, 472 (6th Cir. 2020).

§ 1225(b) and that he thus "lack[ed] the authority to redetermine [her] detention status."[3] (*See* D.N. 1-9, PageID.65–67)  Lopez remains detained at the Grayson County, Kentucky, Detention Center.  (D.N. 1, PageID.2 ¶ 1)  She seeks a writ of habeas corpus against Chicago ICE Field Office Director Samuel Olson, DHS Secretary Kristi Noem, U.S. Attorney General Pamela Bondi, ICE Acting Director Todd M. Lyons, and Grayson County Jailer Jason Woosley.  (*Id.*, PageID.5–6 ¶¶ 18–22)  Respondents maintain that (1) the Court lacks jurisdiction to hear the habeas petition; (2) Lopez should be required to exhaust administrative remedies; (3) Lopez is lawfully detained under § 1225(b)(2), not § 1226(a); and (4) Lopez's detention does not violate due process.  (*See* D.N. 7, PageID.82–85; D.N. 15, PageID.111–14)

## II.

**A.**     **Jurisdiction**

A district court may grant a writ of habeas corpus to an individual "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).  Section 2241 confers jurisdiction to hear habeas corpus challenges to the legality of a noncitizen's detention. *See Rasul v. Bush*, 542 U.S. 466, 483–84 (2004); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Although the Court "may not review discretionary decisions made by immigration authorities, it may review immigration-related detentions to determine if they comport with the demands of the Constitution." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 901 (D. Minn. 2020) (citing *Zadvydas*, 533 U.S. at 688).

---

[3] Among the authorities the immigration judge discussed in his decision was *In re Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).  (*See* D.N. 1-9, PageID.66)  In that case, the BIA determined that noncitizens who "surreptitiously cross into the United States" without admission or inspection are applicants for admission under § 1225(b)(2)(A).  29 I&N Dec. at 228.  The Board also concluded that immigration judges lack authority to hear bond requests of such noncitizens detained under § 1225(b)(2)(A).  *Id.* at 229.

3

Respondents primarily contend that the Court lacks jurisdiction pursuant to 8 U.S.C. § 1252(g). (*See* D.N. 7, PageID.82; D.N. 15, PageID.111–12) That provision prohibits federal courts from hearing claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." § 1252(g). Respondents argue that the decision to detain Lopez "arose from the commencement of [her] removal proceedings" and thus falls under § 1252(g)'s jurisdictional bar. (*See* D.N. 15, PageID.111–12) They also claim that subsections (b)(9), (a)(5), and (a)(2)(B)(ii) deprive the Court of jurisdiction. (D.N. 7, PageID.82)

The Court recently considered and rejected the same arguments in a nearly identical matter. *See Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920, at *2–3 (W.D. Ky. Nov. 4, 2025). There, the Court observed that § 1252(g)'s jurisdictional bar is "narrow" and limited to the three actions listed in that provision: commencing proceedings, adjudicating cases, and executing removal orders. *See id.* at *2 (quoting *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 487 (1999)). Here, Lopez asks the Court to review her detention without the opportunity for release on conditional parole or bond (*see* D.N. 1, PageID.3 ¶ 6), which § 1252(g) does not prohibit. *Alonso*, 2025 WL 3083920, at *2–3. The Court therefore possesses jurisdiction to hear Lopez's claims.

**B.    Exhaustion of Remedies**

Next, Respondents ask the Court to "require Petitioner to exhaust her administrative remedies" because "Congress has provided an administrative hearing and appeal process for noncitizens in removal proceedings." (D.N. 7, PageID.82) Lopez argues that she has exhausted her administrative remedies given that the BIA concluded that noncitizens like her are ineligible

4

for bond and that the immigration judge denied her motions for bond redetermination and reconsideration. (*See* D.N. 11, PageID.105–06)

Petitioners may exhaust their administrative remedies by appealing an immigration judge's bond determination to the BIA before seeking a writ of habeas corpus in federal court. *See Laguna Espinoza v. Dir. of Detroit Field Off.*, No. 4:25-cv-02107, 2025 WL 2878173, at *2 (N.D. Ohio Oct. 9, 2025). Lopez did so here. (*See* D.N. 1, PageID.7 ¶ 27; D.N. 1-9, PageID.65) Moreover, a due process claim like Lopez's "generally does not require exhaustion" because the BIA cannot review constitutional challenges. *Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006). The authorities Respondents cite—8 U.S.C. § 1229a, 8 U.S.C. § 1103(g)(2), 8 C.F.R. § 236.1(d)(3), and 8 C.F.R. § 1003.1(a)(5) and (h)(1)—do not require exhaustion, as the Court explained in *Alonso*. *See* 2025 WL 3083920 at *3. In sum, the Court may properly consider Lopez's claims.

**C.     Immigration and Nationality Act**

Lopez claims that she is unlawfully detained in violation of the Immigration and Nationality Act, 8 U.S.C. §§ 1225–1226. Specifically, the petition alleges that "Section 1225(b)(2) does not apply to individuals like [Lopez], who entered the United States nearly a decade ago and who was apprehended hundreds of miles from any border or port of entry. Instead, such individuals are subject to discretionary detention under Section 1226(a)." (D.N. 1, PageID.3 ¶ 6) Respondents argue that Lopez is an applicant for admission who is seeking admission to the United States and is therefore lawfully detained under § 1225(b)(2). (*See* D.N. 7, PageID.82–84; D.N. 15, PageID.112–14)

Again, the Court considered virtually the same arguments in *Alonso*. *See* 2025 WL 3083920 at *4. There, it concluded that based on the language and context of § 1225 and § 1226, the petitioner was an "applicant for admission" under § 1225(a)(1) (as a noncitizen present

5

in the United States who had entered without inspection and authorization by an immigration officer) but was not "seeking admission" under § 1225(b)(2)(A) because he had resided in the United States for more than a decade. *See id.* at *5, *7. The Court determined that § 1226(a) applied, and that the petitioner was thus entitled to a bond hearing, because he was a noncitizen "arrested and detained [on a warrant issued by the Attorney General] pending a decision on whether [he was] to be removed from the United States."[4] *Id.* at *5 (citing § 1226(a)); *see also id.* at *8. Likewise, Lopez entered the United States without interaction with immigration authorities and has resided in the country for nearly a decade. (D.N. 1, PageID.6 ¶ 23) She is thus an applicant for admission but is not seeking admission.[5] *See Alonso*, 2025 WL 3083920, at *5–7; *see also Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511, at *9 (E.D.N.Y. Oct. 6, 2025) (concluding that noncitizens "seeking admission" are "those who are presenting themselves at the border, or who were recently apprehended just after entering").[6]

---

[4] For individuals arrested under § 1226(a), an immigration officer makes an initial custody determination; the noncitizen may then request a custody redetermination (via a bond hearing) before an immigration judge. *Alonso*, 2025 WL 3083920, at *5 (citations omitted).

[5] The parties do not contest whether Lopez's recent and pending application for asylum, withholding of removal, and protection under the Convention Against Torture (*see* D.N. 1, PageID.7 ¶ 26; D.N. 1-6, PageID.55) bears on whether she seeks admission. The Court observes that the pending application would not affect the outcome of this matter. *See Santos Franco v. Raycraft*, No. 2:25-cv-13188, 2025 WL 2977118, at *7 (E.D. Mich. Oct. 21, 2025) ("And even if Respondent argues that Santos Franco is 'seeking admission' because he applied for asylum . . . , that was not done when he was 'arriving' to [the United States]. So, the applicability of § 1225(b)(2)(A) would still be incorrect.").

[6] Respondents cite three cases that they claim support their position: *Vargas Lopez v. Trump*, No. 8:25CV526, 2025 WL 2780351 (D. Neb. Sep. 30, 2025); *Chavez v. Noem*, No. 3:25-cv-02325-CAB-SBC, 2025 WL 2730228 (S.D. Cal. Sep. 24, 2025); and *Pena v. Hyde*, No. 25-11983-NMG, 2025 WL 2108913 (D. Mass. July 28, 2025). (D.N. 7, PageID.83) For the reasons explained in *Alonso*, the Court does not find those cases applicable or instructive here. *See* 2025 WL 3083920 at *7.

Respondents further argue that (1) the Supreme Court's decision in *Jennings v. Rodriguez*, 583 U.S. 281 (2018), controls the outcome of this matter; (2) all unadmitted noncitizens are applicants for admission; (3) applicants for admission and individuals seeking admission are "one and the same" for purposes of § 1225(b)(2); (4) a recent congressional amendment to § 1226(c) is not redundant as it relates to mandatory detention under § 1225(b)(2); and (5) Lopez's arrest warrant does not indicate that she is detained under § 1226. (*See* D.N. 7, PageID.83–84; D.N. 15, PageID.112–15) The Court considered the same arguments in *Alonso* and finds them similarly unpersuasive here.[7] *See* 2025 WL 3083920 at *6–8. Consistent with *Alonso* and other relevant caselaw, the Court concludes that Lopez is detained under § 1226(a) pending removal proceedings, not § 1225(b)(2).[8] *Id.* at *8; *see also, e.g.*, *Barrera*, 2025 WL 2690565, at *5; *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *7 (E.D. Mich. Sep. 9, 2025); *Lopez-Campos v. Raycraft*, No. 2:25-cv-12486, 2025 WL 2496379, at *8 (E.D. Mich. Aug. 29, 2025).

**D.    Due Process**

Lopez additionally argues that her continued detention violates due process under the Fifth Amendment. (*See* D.N. 1, PageID.16–18 ¶¶ 62–70) Respondents contend that Lopez's rights do not "overcome the [g]overnment's interests in maintaining her detention through her removal proceedings" and that there is thus no due process violation. (D.N. 7, PageID.85)

---

[7] The analysis in *Alonso* is particularly applicable here given the factual similarities between Lopez and the petitioner in that case. For example, Lopez's arrest warrant was issued under § 1226. (*See* D.N. 1-2, PageID.24) But Respondents now claim that she was detained pursuant to § 1225, despite acknowledging the different legal authority in the warrant. (*See* D.N. 7, PageID.80) As in *Alonso*, the Court will not credit this change of position. *See* 2025 WL 3083920 at *8 (citing *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 24 (2020)).

[8] In light of this conclusion, Lopez's request that Respondents be enjoined from moving her outside this district (*see* D.N. 1, PageID.20) will be denied as moot. *See Alonso*, 2025 WL 3083920, at *8 n.10 (citing *Hyppolite*, 2025 WL 2829511, at *16).

7

The Fifth Amendment's Due Process Clause extends to all persons, including noncitizens, regardless of immigration status and in the context of removal proceedings. *Plyler v. Doe*, 457 U.S. 202, 210 (1982) (citations omitted); *A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) (per curiam) (citation omitted). To determine whether civil detention violates due process, the Court applies the three-part balancing test set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Barrera*, 2025 WL 2690565, at *6. Under *Mathews*,

> [t]he Court must weigh: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the United States' interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* (citing *Mathews*, 424 U.S. at 335).

All three *Mathews* factors support granting Lopez a hearing. First, it is "undisputed [that Lopez] has a significant private interest in not being detained." *Id.*; *see also Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) (citations omitted) (noting that "the most elemental of liberty interests" is "the interest in being free from physical detention by one's own government"). Second, "the risk of erroneously depriving [Lopez] of [her] freedom is high if the [immigration judge] fails to assess [her] risk of flight and dangerousness." *Lopez-Campos*, 2025 WL 2496379, at *9. Third, a "routine bond hearing before an [immigration judge]" presents "minimal" fiscal and administrative burdens, and "there is an established process for doing so that DHS can readily follow here." *Hyppolite*, 2025 WL 2829511, at *15. Therefore, the Court concludes that detaining Lopez without giving her a bond hearing violates due process. *Alonso*, 2025 WL 3083920, at *9; *Orellana v. Noem*, No. 4:25-cv-112-RGJ, 2025 WL 3006763, at *6 (W.D. Ky. Oct. 27, 2025); *Barrera*, 2025 WL 2690565, at *7.

## III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)   Lopez's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**. The United States is **DIRECTED** to release Lopez from custody and provide her with a bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a). The United States **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **November 21, 2025**.

(2)   Lopez's request that Respondents be enjoined from moving her outside this district is **DENIED** as moot.

November 18, 2025

David J. Hale, Chief Judge
United States District Court